IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

| | |
|---|---|
| ISLAND JAY, INC, a Florida corporation, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO.<br>)<br>) |
| MOTEEFE | )<br>)<br>) |
| and | )<br>) |
| DUBOW TEXTILE, INC., | ) JURY TRIAL DEMANDED<br>) |
| Defendants. | )<br>) |

## COMPLAINT

COMES NOW, Plaintiff Island Jay, Inc. ("Island Jay" or "Plaintiff") filing this action against Moteefe and Dubow Textile, Inc. ("Dubow") (collectively, "Defendants") and states the following in support:

## INTRODUCTION

1. Plaintiff has continuously been engaged in the business of selling items such as t-shirts, towels, hats, and beach accessories ("Merchandise") throughout the United States of America, and beyond, since 2013. Plaintiff's business includes the creation and worldwide sale of tropical themed Merchandise featuring all original trademarks, trade names, service marks, and designs with trademarked content, including: "Island Jay," "I'm The Cabana Boy," "Keeping My Distance," "Stay 6 Feet Away From My Margarita," "I'm Not Waiting Til 5," "Working on my Bucket List," "Stay 6 feet Away," and "If I Can't Wear Flip Flops I Don't Want 2 Go!" ("collectively, the "Marks"). As a result of these activities, Plaintiff has acquired exclusive rights in the Marks. Since 2013, Plaintiff has invested a considerable amount of time, energy, and

capital building the success of the Marks.

2.   Defendants have been infringing upon, and despite Plaintiff sending numerous Cease and Desists and over 400 takedown notices to Moteefe, and despite Moteefe stating they are making "every effort to ensure any copyrighted material is prevented from being launched," continue to infringe upon Plaintiff's rights in the Marks.

## PARTIES, JURISDICTION, AND VENUE

3.   Plaintiff is a Florida corporation, with its principal place of business located in Oldsmar, Florida. Plaintiff is the successor of Jason Guarino and Alistair Mitchell, the principals of Island Jay, Inc., and Mango Gear, Inc. (a former Florida corporation) all of whom assigned or granted Plaintiff an exclusive license to utilize the Marks. The terms "Plaintiff" and "Island Jay" refer to the present Plaintiff, as well as its predecessors, depending on the place and time of the particular allegations stated herein.

4.   Upon information and belief, Defendant Moteefe is a non-US corporation with its principal offices located at 84 Eccleston Square, Thomas House, Pimlico, London SW1V 1PX, United Kingdom.

5.   Moteefe hosts a website that sells products with designs and graphics that have been electronically uploaded.

6.   Upon information and belief, Defendant Dubow Textile, Inc. is a Minnesota limited liability company, with its principal place of business located at 455 Lincoln Ave NE, St Cloud, MN 56304.

7.   Upon information and belief, Dubow receives orders from Moteefe and completes the orders by printing and shipping the products from the Moteefe website.

8.   Plaintiff's claims are brought for false designation of origin and false descriptions in violation of § 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(a);

federal trademark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114(1); for violation of the Florida Registration and Protection of Trademarks Act, F.S.A. § 495.131; for common law trademark and trade name infringement; for common law unfair competition and dilution; and for common law unjust enrichment.

9. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to § 39 of the Lanham Act, 15 U.S.C. § 1121(a); 28 U.S.C. § 1331, because Plaintiff's claims involve a federal question; 28 U.S.C. § 1338(a), because Plaintiff's claims involve trademark infringement; and 28 U.S.C. § 1367(a), because Plaintiff's state law claims are related to its trademark claims against Defendants and arise out of the same case and controversy.

10. This Court has jurisdiction over Defendant Moteefe under the service provision of Rule 4(k)(2) of the Federal Rules of Civil Procedure. This Court has jurisdiction over Defendant Dubow by virtue of Florida's long-arm statute Fla. Stat. Ann. § 48.193(1)(a),(6)(a)(b) and (2).

11. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

### Plaintiff's Use and Adoption of the Marks

12. Plaintiff is a successful online business that primarily manufactures and sells high quality tropical themed Merchandise worldwide.

13. Plaintiff and its predecessors have engaged in the business of selling tropical themed merchandise since 2013.

14. Since 2013, and continuing uninterrupted through the present day, Plaintiff has used the "Island Jay" mark and name to identify the source of its original merchandise to distinguish it from the products of others.

15. Neither Moteefe or Dubow have responded to any Cease-and-Desist demands.

Plaintiff has sent over 400 takedown notices in 2020 to Moteefe's legal email legal@moteefe.com.

16. Each takedown notice received the same response – an email from "Jose" shown below.



17. Despite being alerted to the improper use of the "Island Jay" brand, Moteefe still has multiple products being sold on their website that are explicitly listed as "Island Jay" products. For example, Moteefe's website sells a shirt with the logo "I Need A Beach Day" which uses an Island Jay image and includes "Island Jay" in the design just as it appears in Plaintiff's original product.

18. Defendants are not taking basic measures to ensure trademarks are not violated as the designs and titles of products include the name "Island Jay", which has been repeatedly reported as trademark infringement by Plaintiff.



(as of 11/9/2020)

19. On May 2, 2013, Mr. Guarino filed a trademark application for the "Island Jay" mark with the USPTO. On December 17, 2013, the "Island Jay" mark became a federally

registered trademark (serial number 85921448).

20. On February 9, 2015, Mango Gear, Inc., filed a trademark application for the "If I Can't Wear Flip Flops I Don't Want 2 Go" mark with the USPTO. On February 23, 2016, the "If I Can't Wear Flip Flops I Don't Want 2 Go" mark became a federally registered trademark (serial number 86528998), is in the process of being, assigned to Plaintiff. The Island Jay brand was managed by Mango Gear, Inc. from 2013 through 2016 until Island Jay, Inc. was established in 2017.

21. On August 27, 2018, Messrs. Guarino and Mitchell filed a trademark application for the "I'm the Cabana Boy" mark with the USPTO. On July 30, 2019, the "I'm the Cabana Boy" mark became a federally registered trademark (serial number 88094322).

22. On October 19, 2018, Plaintiff filed a trademark application for the "I'm Not Waiting Til 5!" mark with the USPTO. On June 4, 2019, the "I'm Not Waiting Til 5!" mark became a federally registered trademark (serial number 88161902).

23. The "Working on my Bucket List" design includes the "Island Jay" mark which has been a federally registered trademark since December 17, 2013 (serial number 85921448).

24. The "Stay 6 Feet Away From My Margarita" design includes the "Island Jay" mark which has been a federally registered trademark since December 17, 2013 (serial number 85921448).

25. The "Keeping My Distance" design includes the "Island Jay" mark which has been a federally registered trademark since December 17, 2013 (serial number 85921448).

26. The "Stay 6 Feet Away" design includes the "Island Jay" mark which has been a federally registered trademark since December 17, 2013 (serial number 85921448).

27. Plaintiff sells Merchandise featuring the Marks on its website at

www.islandjay.com.

28. The Merchandise featuring the Marks is popular and in high demand.

29. Plaintiff has invested substantial effort, time, and money in the Marks and has otherwise made a significant investment in its Marks.

30. Plaintiff has spent approximately $2,000,000 for the Island Jay brand and trademarks since 2013 in advertising and brand promotions alone.

31. Long before the acts of Defendants described in this Complaint, Plaintiff has continuously used the Marks in commerce in the United States in and in connection with its Merchandise business.

32. As a result of this usage, Plaintiff has nationwide common law rights to its Marks that predate Defendants' usage as described herein.

33. To create and maintain goodwill among its customers, Plaintiff has taken substantial steps to ensure that the products containing the Marks are of the highest quality.

## COUNT I

### False Designations of Origin and False Descriptions
### in Violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

34. Plaintiff incorporates by reference Paragraphs 1 through 33.

35. Defendants' conduct constitutes the unauthorized use in commerce of the Marks, and a false designation of origin. Defendants have created a substantial likelihood that the public will be confused, mistaken, or deceived as to the origin, sponsorship, and approval of Defendants' goods and services, and will believe that Defendants' goods and services originate from, or are approved, supported, and endorsed by Plaintiff.

36. Defendants' conduct has created a substantial likelihood that the public will be confused, mistaken, or deceived as to the origin, sponsorship, and approval of Plaintiff's goods,

and will believe that Plaintiff's goods originate from, or are approved, supported, and endorsed by Defendants – also known as "reverse confusion" – thereby irreparably depriving Plaintiff of the benefit of its many years of effort to establish the Marks and name in the Merchandise business.

37. Defendants copied the Marks with full knowledge of Plaintiff's prior use of the Marks and has acted, and is continuing to act, willfully.

38. Defendants' actions violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. Unless enjoined, Defendants' actions will continue to cause Plaintiff irreparable harm, for which Plaintiff has no adequate remedy at law.

## COUNT II

### Federal Trademark Infringement
### in Violation of § 32 of the Lanham Act, 15 U.S.C. § 1114(1)

40. Plaintiff incorporates by reference Paragraphs 1 through 33.

41. The acts of Defendants constitute use in commerce of reproductions, copies, or colorable imitations of Plaintiff's federally registered marks in connection with the reproduction, distribution, and sale of goods in violation of 15 U.S.C. § 1114(1).

42. Defendants' use of the "Island Jay" mark on or in connection with such goods is likely to cause confusion, cause mistake, or deceive.

43. Defendants' use of the "I'm The Cabana Boy" mark on or in connection with such goods is likely to cause confusion, cause mistake, or deceive.

44. Defendants' use of the "Keeping My Distance" design containing the Island Jay" mark on or in connection with such goods is likely to cause confusion, cause mistake, or deceive.

45. Defendants' use of the "Stay 6 Feet Away From My Margarita" design containing the Island Jay" mark on or in connection with such goods is likely to cause confusion, cause mistake, or deceive.

46. Defendants' use of the "I'm Not Waiting Til 5" mark on or in connection with such goods is likely to cause confusion, cause mistake, or deceive.

47. Defendants' use of the "Working on my Bucket List" design containing the Island Jay" mark on or in connection with such goods is likely to cause confusion, cause mistake, or deceive.

48. Defendants' use of the "Stay 6 feet Away" design containing the Island Jay" mark on or in connection with such goods is likely to cause confusion, cause mistake, or deceive.

49. Defendants' use of the "If I Can't Wear Flip Flops I Don't Want 2 Go" mark on or in connection with such goods is likely to cause confusion, cause mistake, or deceive.

50. Defendants' infringement is willful, with full knowledge, and in conscious disregard of Plaintiff's rights and with intent to trade off of Plaintiff's goodwill in its registered marks.

51. Unless the actions of Defendants described herein are enjoined, Plaintiff will suffer injury and damage.

## COUNT III
### Trademark Infringement in Violation of FSA § 495.131

52. Plaintiff incorporates by reference Paragraphs 1 through 33.

53. All use of the Marks by Defendants' was done without the consent of the registrant of the Marks, Island Jay.

54. Defendants' reproduction, counterfeit, copy, or colorable imitation of the Marks in connection with the sale, offer for sale, distribution, or advertising of any goods or services constitutes trademark infringement and is likely to cause confusion, to cause mistake, or to deceive consumers as to the source or origin of Plaintiff's product.

55. Defendants' knew their use of the Marks were likely to cause confusion, to cause

mistake, or to deceive consumers as to the source or origin of Plaintiff's product.

56. Defendants' reproduction, counterfeit, copy, or colorable imitation of Plaintiff's trademark is and was calculated to deceive the purchasers and consumers of Plaintiff's product and has misled many of them to buy the product sold by Defendants in the belief that it is manufactured by Plaintiff, to the diminution of the business and profits of Plaintiff.

57. Defendants have reproduced, counterfeited, copied or colorably imitated Plaintiff's Marks, and has applied it to reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon and in conjunction with the sale, offering for sale, distribution, or advertising in and of goods or services.

58. There exists the likelihood of injury to Plaintiff's business reputation, or of the dilution of the distinctive quality of Plaintiff's Marks, trade name, label, or its form of advertisement.

59. Defendants' unlawful actions have caused, and will continue to cause, irreparable injury to Plaintiff unless enjoined.

## COUNT IV
### Common Law Trademark and Trade Name Infringement

60. Plaintiff incorporates by reference Paragraphs 1 through 33.

61. Defendants' unauthorized use of the Marks in interstate commerce and in the State of Florida in connection with the promotion and offering of Defendants' goods constitutes a false designation of origin, a false and misleading description of fact, and a false and misleading representation of fact, which constitutes an infringement of Plaintiff's common law trademark and trade name rights in the Marks.

62. The words and/or designs used by Defendants are identical to Plaintiff's and they

are likely to cause confusion, deceive, and mislead others. Defendants' use of the Marks is likely to create the false impression of the origin, sponsorship, and approval of Defendants' goods and services by Plaintiff, and the origin, sponsorship, and approval of Plaintiff's goods and services by Defendants.

63. Defendants' actions have caused, and will continue to cause, irreparable harm to Plaintiff unless enjoined.

## COUNT V
### Common Law Unfair Competition and Dilution

64. Plaintiff incorporates by reference Paragraphs 1 through 33.

65. Through their activities in adopting, distributing, and selling goods under trademarks and trade names that are identical to Plaintiff's Marks, Defendants have unlawfully used Plaintiff's Marks, names, and goodwill for its own benefit. These activities constitute common law unfair competition and dilution and have caused damage to Plaintiff.

66. Defendants' activities allow Defendants to use and benefit from the goodwill and reputation earned by Plaintiff to obtain a ready customer acceptance of Defendants' goods and constitute unfair competition, palming off, and misappropriation for which Plaintiff is entitled to recover all remedies provided by common law.

## COUNT VI
### Common Law Unjust Enrichment

67. Plaintiff incorporates by reference Paragraphs 1 through 33.

68. Through Defendants' unlawful infringing use of the Marks, Defendants have unjustly enriched themselves, and (upon information and belief) continue so doing, in an amount unknown to Plaintiff.

69. Plaintiff is entitled to just compensation for Defendants' unjust enrichment, which

was obtained through Defendants' unlawful and infringing use of the Marks.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter a judgment:

1. That there be a jury trial on all issues so triable.

2. That Defendants have made false designations of origin and false representations in commerce in violation of 15 U.S.C. § 1125(a);

3. That Defendants' use of the federally registered Marks constitutes willful Federal Trademark Infringement in Violation of § 32 of the Lanham Act, 15 U.S.C. § 1114(1);

4. That Defendants' use of the Marks Defendants' use of the Marks constitutes trademark infringement, in violation of FSA § 495.131;

5. That Defendants have infringed Plaintiff's Marks in violation of common law;

6. That Defendants have unfairly competed with Plaintiff, in violation of common law;

7. That Defendants have been unjustly enriched by their actions;

8. Preliminarily and permanently enjoining and restraining Defendants, their agents, officers, employees, attorneys, and all persons in active concert or participation with Defendants from:

    a. Using, possessing, receiving, manufacturing, distributing, promoting, displaying, licensing, advertising, offering for sale, selling, transferring, registering, assigning, or otherwise employing or exploiting Plaintiff's Marks or any colorable imitation thereof;

    b. Committing any other acts calculated or having the tendency to cause confusion, mistake, or deception between Plaintiff and its goods on the one hand, and Defendants' or any other party's goods on the other;

      c.      Committing any other acts calculated or having the tendency to create the mistaken impression that there is some association, connection, or affiliation with and/or sponsorship or approval of Defendants' goods by Plaintiff, and/or Plaintiff's goods by Defendants;

      d.      Authorizing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to paragraphs (a) through (c), above;

      e.      Committing trademark and trade name infringement, unfair, unconscionable, and deceptive methods, acts, and practices, unfairly competing with Plaintiff, and/or committing any other act or making any other statement that infringes Plaintiff's Marks, constitutes unfair, unconscionable, and deceptive methods, acts, and practices, infringes on Plaintiff's federally registered Marks, subjects Plaintiff to unfair competition, or unjustly enriches Defendants at Plaintiff's expense under federal law, common law, or the laws of the State of Florida.

9. Requiring Defendants to deliver up for destruction all infringing and diluting materials and objects, including labels, signs, prints, packages, wrappers, containers, advertisements, electronic media, and other materials bearing any of the Marks or any colorable imitation, or other counterfeit, copy, infringing, or substantially indistinguishable designation of any of Plaintiff's Marks;

10. Requiring Defendants to publish clarifying statements that Defendants are not associated with Plaintiff;

11. Requiring Defendants to account for and to pay over to Plaintiff all of Defendants'

profits and all damages sustained by Plaintiff due to Defendants' misuse of Plaintiff's Marks;

12. Awarding Plaintiff its actual damages and Defendant's profits together with treble damages pursuant to 15 U.S.C. § 1117;

13. Awarding Plaintiff applicable statutory damages for Defendants' violations of FSA § 495.131 pursuant to FSA § 495.141;

14. Awarding Plaintiff its attorney fees, costs, and expenses pursuant to 15 U.S.C. § 1117;

15. Awarding Plaintiff punitive damages in an amount sufficient to deter and punish Defendants for their willful infringement;

16. In the alternative, at Plaintiff's election at any time before final judgment is entered, awarding Plaintiff its statutory damages, pursuant to 15 U.S.C. § 1117.

17. Awarding Plaintiff the costs of suit; and,

18. Awarding Plaintiff any and all such other relief as the Court deems proper and just under the circumstances.

Respectfully submitted on this 12th day of January 2021,

/s/ Dallas S. LePierre
Dallas S. LePierre
FL. Bar No. 101126

**NDH LLC**
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
404-254-0442/ 404-935-9391 FAX
dlepierre@ndh-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

Respectfully submitted this 12th day of January 2021,

/s/ Dallas S. LePierre
Dallas S. LePierre
FL. Bar No. 101126

**NDH LLC**
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
404-254-0442/ 404-935-9391 FAX
dlepierre@ndh-law.com